BALASQUIDE *v.* FOOTE, DISTRICT JUDGE.

PETITION for a writ of *certiorari.*

No. 84.—Decided December 13, 1911.

CERTIORARI—APPROVAL OF STATEMENT OF CASE—JURISDICTION.—Upon examination of this case the court held that it had jurisdiction to take cognizance thereof and that the provisions of rule 64 of the Supreme Court of Porto Rico were not applicable thereto.

ID.—APPROVAL OF STATEMENT OF CASE—DISCRETION OF JUDGE—TIME FOR PRESENTING AMENDMENTS.—The time for presenting amendments to a statement of the case having expired the same cannot be extended, but the trial judge

in the exercise of his discretional powers may hear the interested parties after the expiration of said time, for the purpose of ascertaining the truth of the facts stated in the statement of the case.

The facts are stated in the opinion.

*Messrs. José de Guzmán Benítez* and *Juan de Guzmán Benítez* for petitioner.

*Messrs. Herminio Díaz Navarro* and *Cayetano Coll y Cuchí* for adverse party.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an application for a writ of *certiorari.* The applicant alleges that he was the defendant in a certain case wherein Enrique Camacho was plaintiff and Antonio Balasquide was defendant, pending in the Second Section of the District Court of San Juan, and that, having taken an appeal therein and made a motion for a new trial also, his counsel prepared a statement of the case and bill of exceptions on motion for a new trial, and presented the same to the judge who tried the case, but whose time had expired since the trial, and requested that it be approved; that the opposing party made no amendments to the statement of the case and bill of exceptions within the time allowed by law; but, nevertheless, the district judge, Hon. Charles E. Foote, without granting any extension of the time to present amendments, made in the said case an order in the following form:

"After having examined the motion of the defendant, requesting the approval of the statement of the case and bill of exceptions to be used in the motion for a new trial which has been filed, without the intervention of the opposing party, because of his failure to present amendments within the term granted therefor, the prayer is denied on the ground that it has not been shown by means of an affidavit that a copy of the proposed statement of the case and bill of exceptions has been delivered to the opposing party. Moreover, it is the duty of the judge, though no amendments may have been presented, to examine the proposed statement of the case and bill of exceptions, and to correct the same, so that it be correct and in conformity with the facts and the evidence.

"We think that the term of ten days, within which amendments

might be suggested, is not a final one, and that the judge may allow amendments to be presented after the expiration of said term.

"The plaintiff is granted time until the 27th inst. within which to suggest amendments to said statement of the case and bill of exceptions, after the expiration of which a day will be set for its approval, and the clerk shall notify the parties of this order."

In his application, through his counsel, Mr. Balasquide alleges various reasons why the said order is illegal, and prays the court to order the said statement of the case and bill of exceptions and other papers connected therewith to be sent to this court for examination, and that the said district judge, within a reasonable time and without the intervention of the plaintiff in the said case, through his counsel, should approve said bill of exceptions and statement of the case after first eliminating from them all redundant matter.

A rule to show cause was issued requiring the defendant to show to the court why the relief prayed for in the application for certiorari should not be granted; whereupon the said defendant made his appearance and filed an answer in which he denied the jurisdiction of this court to issue the writ of certiorari in this case; and further alleges that in the matter complained of he had proceeded in absolute conformity with the requisites of the law which is now in force, proceeding to give the reasons in support of his answer.

In regard to the jurisdiction, we hold that this court has authority to issue the writ of certiorari "in all cases where the procedure is not according to the course of the law, and to complete the proceedings when the lower court refuses to do so upon erroneous grounds." (Session Acts 1904, pp. 132–133.) Rule 64 of this court does not apply to this case. According to the case set forth in the application for the writ of certiorari, the present is one in which it is proper for this court to afford the relief prayed for if the facts justify the same. The denial of jurisdiction must therefore be overruled.

It appears from the record that when the defendant, the

Hon. Charles E. Foote, on November 1, ceased to be district judge, there was pending in his court, in the case of *Camacho* v. *Balasquide,* an appeal from the final judgment, and at the same time a motion for a new trial in the same case, and that a day or two prior to said date the defendant presented to the said district judge a statement of the case and bill of exceptions to sustain the motion for a new trial and another statement of the case and bill of exceptions to sustain the appeal from the judgment. Each of these documents was very voluminous and had attached thereto various affidavits and other papers. That postponements were granted from time to time amounting to about 60 days, and, finally, the judge, on his own motion, postponed the matter for 10 days longer in order that the plaintiff, through his counsel, might prepare amendments to the bill of exceptions and statement of the case within that time and that the court might obtain the aid and cooperation of the counsel for both parties in preparing a correct statement of the case and bill of exceptions.

The defendant claims that in making the order complained of and in taking the proceedings mentioned he was acting well within his authority and discretion, and that he could not approve the bill of exceptions or the statement of the case without examining the same carefully, especially when he had observed in the bill of exceptions which had been presented various errors which it would be necessary to correct.

The term of 10 days within which opposing counsel may propose amendments to the statement of the case was perhaps not capable of extension after the expiration of the time limited. But from the view we take of this case it makes no difference in the result. The trial judge has the responsibility for the truth of the statement of facts as they occurred before him; and under these circumstances the court has a discretion to hear from the parties interested in order to verify the actual facts as expressed in the statement. The action of the court was in effect, although perhaps not in

form, an indication to the respondent that the judge wished to hear from him, and thus was within the discretionary powers necessarily confided to that officer. The object of the law is to get a correct statement and the court should approve no other.

For the reasons herein stated the court will dismiss the application for *certiorari* and leave the defendant in the exercise of his discretion in order that he may conduct the proceedings for the approval of the bill of exceptions and the statement of the case herein mentioned in the manner heretofore pursued, and that he shall approve the same when they set out correctly the facts and legal questions properly involved in the decision of the case.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.